NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 8 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWARD C. LUCK, Ph.D, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> UNIVERSITY OF SAN DIEGO; AMI CARPENTER, <br><br> Defendants - Appellees. | No. 16-55276 <br><br> D.C. No. 3:13-cv-03088-JLS-BGS <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
For the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted December 7, 2017
Pasadena, California

Before: KELLY,[**] CALLAHAN, and BEA, Circuit Judges.

Plaintiff-Appellant Edward C. Luck appeals the district court's grant of

summary judgment for Defendants-Appellees University of San Diego (USD) and

Ami Carpenter on six claims: intentional misrepresentation, negligent

misrepresentation, fraud by concealment, negligence, defamation, and failure to

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

pay wages (violation of California Labor Code § 201). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

On appeal, Dr. Luck argues that the district court erred in granting summary judgment on each of these claims because he established triable questions of material fact warranting a trial. After reviewing the record, we conclude that the district court properly applied the summary judgment standard. There is no evidence that statements made to Dr. Luck as to the nature of his employment with the school were false, that USD knew the statements were false, or that they were made with the intent to deceive Dr. Luck into accepting the Kroc school deanship and a professorship at the time they were made. *See Gentry v. eBay, Inc.*, 99 Cal. App. 4th 816, 835, 121 Cal. Rptr. 2d 703, 718 (Cal. Ct. App. 2002). Indeed, at the outset Dr. Luck was able to develop a vision statement and implement significant changes to financial and administrative processes. Aplt. Br. at 9–10, 27. Furthermore, no academic administrator could reasonably expect to operate with complete independence from the faculty and the University administration. Statements concerning Dr. Luck's position within the university were not false; Dr. Luck was both a dean and full tenured professor upon hire.

Dr. Luck's negligence claim fails because he voluntarily resigned from his position. Accordingly, he cannot prove that the alleged negligent hiring of the investigator or releasing of the investigator's report was the proximate cause of his

damages. Dr. Carpenter's filing of the gender discrimination complaint was not malicious because it was couched in terms of opinion and was supported by factual allegations Dr. Luck does not challenge. *See Ruiz v. Harbor View Cmty. Assn.*, 134 Cal. App. 4th 1456, 1471, 37 Cal. Rptr. 3d 133, 144 (Cal. Ct. App. 2005). Dr. Carpenter's statements at the all-school meeting were not false, as corroborated in the affidavits submitted by Dr. Carpenter's colleagues, and so cannot be defamatory. Finally, because Dr. Luck did not work after he resigned, he did not "earn" any wages and is therefore not entitled to any back pay. *See Smith v. Superior Court*, 39 Cal. 4th 77, 92, 137 P.3d 218, 228 (Cal. 2006).

**AFFIRMED.**